Mark S. Scheffer, Esquire
LAW OFFICES OF MARK S. SCHEFFER
Identification Nos. 59271
P.O. Box 111                                    Attorney for Plaintiff
Birchrunville, PA 19421
(610) 915-8351

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARA ULRICH | : | CIVIL ACTION |
|      Plaintiff | : | NO. |
| | : | |
|     v. | : | |
| | : | |
| LANCASTER GENERAL HEALTH | : | Jury Trial Demanded |
| d/b/a PENN MEDICINE-LANCASTER GENERAL HEALTH | : | |

### COMPLAINT

1.      Plaintiff, Kara Ulrich, is a Christian and citizen of the United States residing therein at 115 Ashley Drive, Ephrata, PA 17522.

2.      Defendant, Lancaster General Health d/b/a Penn Medicine-Lancaster General Health, operates a health system that serves the communities of central Pennsylvania, with offices located at 555 N. Duke Street, Lancaster, PA 17602.

3.      The causes of action set forth in this Complaint arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000(e) et seq., and the Pennsylvania Human Relations Act ("PHRA"), as amended, 43 P.S. §951 et seq.

4.      The District Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1367.

5.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting in the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6.     At all times relevant to this action Plaintiff worked for Defendant as a Registered Nurse.

7.     In October of 2020, Plaintiff was granted an exemption from Defendant's influenza vaccine requirement after an independent review by retired federal judge the Honorable Edward N. Cahn determined that she held sincerely held religious beliefs based upon religious tenets.

8.     In Mid-May 2021, Defendant announced that, effective September 01, 2021, it would become a condition of employment that all health system employees receive the COVID-19 vaccine.

9.     On July 21, 2021, Plaintiff's request for exemption from the COVID-19 vaccine requirement was approved, and she was told that "[e]fforts will now be made to reasonably accommodate your exemption while maintaining a safe work environment," and also told that she would "be contacted shortly regarding the accommodation process."

10.     Subsequent to receiving this notice Plaintiff made attempts to find out further information regarding the "accommodation process," including contacting her Human Resource Business Partner, Chase Ober, on August 5, 2021.

11.     Plaintiff did not receive notice of any additional requirements related to her religious accommodation requests until August 19, 2021, when Plaintiff was informed that she would be required, among other things, to undergo mandatory twice weekly SARS-Cov-2 testing. At no time prior to receiving this notice, or subsequently, did Defendant engage in an interactive process with Plaintiff regarding her request for religious accommodation or undertake an individualized assessment of her concerns and beliefs.

12.     Defendant's COVID-19 Screening Testing Program provided that "[r]efusal to participate in the LGH Screening Testing Program, including refusal to acknowledge the LGH

COVID-19 Screening Testing Program, will result in termination from employment for LGH employees and administrative dismissal from the medical staff for providers."

13. On August 24, 2021 Plaintiff submitted a request for a religious accommodation in the form of an exemption from the virus testing requirement.

14. On August 31, 2021, two days before the testing requirement was to become effective, and without engaging in an interactive process with Plaintiff in an attempt to understand her concerns and beliefs, or making an individualized assessment of Plaintiff's request for accommodation, Defendant denied Plaintiff's accommodation request.

15. Defendant asserted as the ground for its denial the "the significant health and safety risks exemption would create."

16. Despite its assertion of "significant health and safety risks exemption would create," Defendant had permitted Plaintiff, and other employees who had not been vaccinated, to work in its facility from the onset, and during the height, of the COVID pandemic through September 01, 2021 without requiring COVID testing, thereby indicating that the accommodation requested by Plaintiff was in fact provided without any such risks being realized.

17. As an alternative accommodation to exemption from virus testing, Plaintiff also sought the accommodation of a transfer to another position or the granting of a leave of absence so that she could seek another position with Defendant, but those requests were also denied without any engagement in an interactive process with Plaintiff.

18. Plaintiff submitted her resignation on September 02, 2021 in lieu of being terminated, and said resignation constitutes a constructive discharge of her employment by Defendant.

19. After submitting her resignation, Plaintiff continued to work for Defendant in her

regular duties until September 29, 2021 without being required to undergo virus testing, which also evidences the pretextual nature of Defendant's claim that there were, or it believed there were, "significant health and safety risks" if Plaintiff were provided an exemption from testing.

18. Plaintiff contacted the United States Equal Employment Opportunity Commission ("EEOC") via its online portal on November 15, 2021 and also completed an intake questioning regarding her claims against Defendant. The EEOC set up a phone screening to take place on March 28, 2022 and a formal charge of religious discrimination was filed on or about April 26, 2022 regarding Defendant's failure to accommodate Plaintiff's sincerely held religious beliefs. Plaintiff's charge was dual-filed with the Pennsylvania Human Relations Commission.

19. On September 18, 2022 the EEOC issued a notice of right to sue on Plaintiff's charge.

20. Defendant discriminated against Plaintiff on the basis of her religion in failing to accommodate her religious beliefs.

21. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has suffered, and continues to suffer,  a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

COUNT I – Title VII

22. Plaintiff incorporates herein by reference paragraphs 1 through 21 above as if set forth herein in their entirety.

23. Defendant, by the above discriminatory and wrongful acts, has violated Title VII.

24. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the injuries and losses set forth above.

## COUNT II – PHRA

25.    Plaintiff incorporates herein by reference paragraphs 1 through 21 above as if set forth herein in their entirety.

26.    Defendant, by the above discriminatory and wrongful acts, has violated the PHRA.

27.    As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered the injuries and losses set forth above.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a)    Declaring Defendant's actions to be in violation of Title VII and/or the PHRA;

(b)    Awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered as a result of Defendant's discriminatory treatment, including, but not limited to, past and future wages, lost earning capacity, pension and other lost benefits;

(c)    Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(d)    Awarding Plaintiff's costs of this action, together with reasonable attorney's fees;

(e)    Awarding Plaintiff punitive and such other damages as are appropriate under the Title VII and the PHRA; and,

(f)    Granting such other and further relief as the court deems appropriate.

Respectfully submitted,

Mark S. Scheffer, Esquire

LAW OFFICES OF MARK S. SCHEFFER
P.O. Box 111
Birchrunville, PA 19421
(610) 915-8351

Attorney for Plaintiff